[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de SUBSTITUTE MOTION TO MODIFY (#306)
The parties' marriage was dissolved in 1971. The plaintiff was awarded periodic alimony.
The plaintiff is now 73 years old and the defendant is now 77 years old. The current order was entered August 30, 1984 increasing the order to $2,000 monthly for five years and thereafter reverting to $1,000 monthly. The decision then stated:
 "This five-year period recognizes that Dr. DuBissette will be at or close to retirement by that time."
The defendant is now on the brink of retirement. The building where he conducts his practice has been sold. He has no lease. In the fall of 1995 he developed symptoms of coronary artery disease leading to emergency coronary artery bypass grafting. He has been ingesting multiple medications since then. In 1997, he developed acute polyarthritis which, when medicated, induced diabetes. He is significantly limited in his physical activities. (Defendant's Exhibit A).
The plaintiff is suffering from Alzheimer's disease and is totally incapacitated. Dr. Deirdre C. DuBissette, a daughter, was appointed guardian on December 5, 1997. She is caring for her mother. The plaintiff lists income of $391.10 weekly and $360.81 net after taxes.
The defendant lists net weekly income of $321 from his practice, $339 from Social Security and $173 from a Keogh account. His total net weekly income is given as $833. In 1984 the defendant listed a monthly gross income from his practice of $4,366.66 and net of $3,533.32 monthly. He noted that his wife worked as office bookkeeper and manager but drew no salary. Converted to a weekly basis, his net income was $822.
This defendant's motion must be denied. His physical condition has declined but his financial condition has not demonstrated a substantial change in circumstances. He is still a practicing physician and is maintaining the same level of income CT Page 5013 as existed in 1984. The court observes that it cannot base its decision on a future event, i.e., cessation of the medical practice.
The defendant's motion is denied.
HARRIGAN, J.